**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| THE ESTATE OF CYNTHIA TISDALE, DECEASED, BY AND THROUGH EXECUTRIX AUTUMN TISDALE, AND ON BEHALF OF ALL PERSONS ENTITLED TO RECOVER FOR HER DEATH UNDER THE TEXAS WRONGFUL DEATH ACT, THE ESTATE OF WILLIAM REGIE TISDALE, SR. BY AND THROUGH WILLIAM R. TISDALE, JR., AND WILLIAM R. TISDALE, JR., INDIVIDUALLY, AND AUTUMN TISDALE, INDIVIDUALLY, *Plaintiffs*, <br><br> AND <br><br> AUTUMN TISDALE, *Plaintiff-Intervenor*, <br><br> vs. <br><br> DIMITRIOS PAGOURTZIS, ANTONIOS PAGOURTZIS, ROSE MARIE KOSMETATOS, LUCKY GUNNER, LLC D/B/A LUCKYGUNNER.COM, RED STAG FUFILLMENT, LLC, MOLLENHOUR GROSS, LLC, JORDNAN, MOLLENHOUR, AND DUSTIN GROSS, *Defendants.* § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.: <br><br> [REMOVED FROM CIVIL ACTION NO. PR-0078972 - A IN THE PROBATE COURT OF GALVESTON COUNTY, TEXAS] |

**NOTICE OF REMOVAL**

Defendants Lucky-Gunner, LLC d/b/a Luckygunner.com ("LuckyGunner"), Red Stag Fulfillment, LLC ("Red Stag"), Mollenhour Gross, LLC ("MG"), Jordan Mollenhour ("Mollenhour"), and Dustin Gross ("Gross") (collectively, the "Tennessee Defendants"),  pursuant

1

4824-3838-4315.1

to 28 U.S.C. §§ 1331, 1441(c) and 1446, file this Notice of Removal and hereby notify this Court that they are removing the above captioned action currently pending in the Probate Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division. In support of this Notice of Removal, the Tennessee Defendants state as follows:

## I. PROCEDURAL HISTORY

1. The underlying state court case is styled PR-0078972-A, *Tisdale et al v. Pagourtzis et al*. in the Galveston Probate Court.

2. This lawsuit arises from Dimitrios Pagourtzis' criminal shooting at Santa Fe High School on May 18, 2018 and was filed on August 15, 2018. Plaintiffs are victims of Pagourtzis's crimes.

3. Plaintiffs originally named Pagourtzis and his parents as defendants, alleging various negligence and intentional torts. On March 9, 2020, the Plaintiffs filed the First Amended Petition and Request for Disclosure (the "FAP"). (*See* Ex. B-14, FAP). The FAP adds five Tennessee residents as defendants: (1) LuckyGunner, (2) Red Stag, (3) MG, (4) Mollenhour, and (5) Gross.

4. The Tennessee Defendants accepted service of the FAP on April 1, 2020. (*See* Ex. B-21, Rule 11 Agreement). This notice of removal is timely filed. 28 U.S.C. § 1446(b)(2)(B). The United States District Court for the Southern District of Texas is the federal judicial district encompassing Galveston County, Texas. Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

5. This action is removed because of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(c). Under 28 U.S.C. § 1441(c)(2), only the parties named as defendants

in connection with the federal law claims need join in or consent to removal. As counsel also for LuckyGunner, Red Stag, MG, Mollenhour, and Gross, undersigned counsel states that each of these defendants consents to and joins in the removal of this action.

## II. PLAINTIFFS' CLAIMS AGAINST THE TENNESSEE DEFENDANTS

6. Plaintiffs allege that Pagourtzis purchased ammunition from LuckyGunner through LuckyGunner's website, and that he used the ammunition purchased from LuckyGunner to perpetrate his crimes. (*See e.g.*, Ex. B-14, FAP at ¶¶ 17-19, 26-27, 40-66.) Plaintiffs allege that Red Stag, a third-party logistics company, packaged and shipped the ammunition to Pagourtzis, and that non-party FedEx delivered it. (*Id.* at ¶ 27.) Mollenhour and Gross's connection to this lawsuit is that they allegedly own MG, and MG allegedly owns the other defendants, LuckyGunner and Red Stag. (Ex. B-14, FAP at ¶ 44.)

7. Plaintiffs seek to hold the Tennessee Defendants liable for the damages caused by Pagourtzis's criminal acts based on tort claims of negligence and negligence *per se*. (Ex. B-14, FAP at ¶¶ 59-66, 114-130, 131-157.) Aside from these two claims, Plaintiffs assert various forms of derivative or collateral claims, including that the Tennessee Defendants were grossly negligent, and that vicarious liability exists between and amongst some of them—claims styled as "civil conspiracy" and "piercing the corporate veil". (Ex. B-14, FAP at ¶¶ 166-174, 175-184, 191)

8. The FAP includes several claims against Pagourtzis and his parents, (Ex. B-14, FAP at ¶¶99-113, 159-165), and also includes a bare-bones "res ipsa loquitor" claim against unspecified defendants. (Ex. B-14, FAP at ¶¶158.)

9. Regardless of the title of the claim, the theory of liability advanced against the Tennessee Defendants is predicated on a significant federal issue—namely, whether the Tennessee Defendants sold or transferred ammunition to Pagourtzis in violation of federal law. The joinder

of removable and non-removable claims makes the entire action removable under 28 U.S.C. § 1441(c)(1).

### III.   FEDERAL QUESTION JURISDICTION

10.   Federal question jurisdiction exists because Plaintiffs' negligence and negligence *per se* claims are both predicated on the theory that the Tennessee Defendants violated the Youth Handgun Safety Act, 18 U.S.C. § 922(x)(1)(B), and that they aided and abetted, *see* 18 U.S.C. §§ 2, 371, a violation of the related counter-part, 18 U.S.C. § 922(x)(2)(B).   The operative language of subparts (x)(1)(B) and (x)(2)(B) is the same:

> (1) It shall be unlawful for a person to sell, deliver, or otherwise transfer to a person who the transferor knows or has reasonable cause to believe is a juvenile—
>
>   (A)   a handgun; or
>   **(B) ammunition that is suitable for use only in a handgun.**
>
> (2)  It shall be unlawful for any person who is a juvenile to knowingly possess—
>
>   (A)   a handgun; or
>   **(B) ammunition that is suitable for use only in a handgun.**

11.   Specifically, Plaintiffs claim that the Tennessee Defendants violated 18 U.S.C. § 922(x)(1)(B) through LuckyGunner's alleged knowing transfer of .38 caliber ammunition to Pagourtzis, a 17 year old juvenile.  (Ex. B-14, FAP at ¶¶ 29-35, 124, 128-129, 134, 150-151, 168.)

12.   A significant federal question lies in the interpretation and application of 18 U.S.C. § 922(x)(1)(B), a violation of which requires two parts:  (1) the defendant must know or have reasonable cause to believe the purchaser of the ammunition is a juvenile, and (2) the ammunition at issue must be "suitable for use only in a handgun."   Plaintiffs' allegation that any of the Tennessee Defendants, including LuckyGunner, knew or had reasonable cause to believe that Pagourtzis was a juvenile at the time of the online sale is implausible on its face and legally barred.

4

S*ee Phillips v. Lucky Gunner, LLC*, 84 F.Supp.3d 1216, 1224 (D. Colo. 2015) (granting LuckyGunner's Rule 12(b)(6) motion and rejecting plaintiff's theory that online retailers with "no human contact with the buyer" who later committed heinous crimes could have knowingly violated 18 U.S.C. § 922(d)(3), appeal dismissed, United States Circuit Court of Appeals, Docket No. 15-1153 (10th Cir. July 21, 2015)).[1]  The significant federal issue, however, sits in this never before interpreted phrase in 18 U.S.C. § 922(x)(1)(B) and (x)(2)(B): "ammunition that is suitable for use only in a handgun."

13.  The Gun Control Act governs the legal obligations of FFL holders and non-FFL holders differently.  Indeed, LuckyGunner is not alleged to (nor does it) hold a Federal Firearms License ("FFL") in connection with the sales of ammunition at issue. (Ex. B-14, FAP at ¶ 32, n. 2.)  LuckyGunner is not legally obligated to hold an FFL.[2]

14.  Plaintiffs' lawsuit against the Tennessee Defendants seeks to fundamentally change how Congress intended to govern ammunition transfers between non-FFL holders and persons under the age of twenty-one (21), including juveniles as defined by 18 U.S.C. § 922(x)(5). Plaintiffs' claims are premised on a flawed interpretation of the operative language – that is, Plaintiffs seek to create a violation of 18 U.S.C. § 922(x)(1)(B) and (x)(2)(B) when a non-FFL holder transfers ammunition to a juvenile even when the ammunition is *not* "suitable for use only in a handgun."  By extension, Plaintiffs are attempting to rewrite federal law by seeking to impose—through judicial fiat—a duty on non-FFL holders to conduct background checks on

---

[1] The pleadings-based dismissal in *Phillips*, under a conspicuously similar fact pattern, was premised, in part, on the broad federal immunity conferred on ammunition sellers by the Protection of Lawful Commerce in Arms Act, 15 U.S.C. § 7901 *et seq*.  This federal defense, however, is not the basis for removal.

[2] A FFL is required for any person engaged in the business of manufacturing, importing, or dealing in firearms.  18 U.S.C. § 922(a)(1)(A).  LuckyGunner is not alleged to (and does not) engage in any of this activity.  That LuckyGunner sells ammunition online does not alter its status or require it to hold a FFL.  Indeed, many non-FFLs lawfully and routinely possess and transfer ammunition.  Examples include the vast majority of Americans involved in the shooting sports.

5

4824-3838-4315.1

ammunition purchasers, a legal process impacting both the transferors and transferees that no federal (or Texas state) statute requires.

15. Plaintiffs' claims against the Tennessee Defendants qualify as a civil action "arising under the Constitution, laws, or treaties of the United States." *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (quoting 28 U.S.C. § 1331 and recognizing "[a] longstanding, if less frequently encountered, variety of federal 'arising under" jurisdiction, this Court having recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."); *see also Bd. of Commissioners of Se. Louisiana Flood Prot. Auth.-E. v. Tennessee Gas Pipeline Co., L.L.C.*, 850 F.3d 714, 724-27 (5th Cir. 2017) (applying *Grable* and affirming district court's ruling that the plaintiff's negligence and nuisance claims necessarily raise federal issues sufficient to justify federal jurisdiction, concluding "the Board's negligence and nuisance claims thus cannot be resolved without a determination whether multiple federal statutes create a duty of care that does not otherwise exist under state law.").

16. Under *Grable*, federal question jurisdiction exists with respect to state-law claims if such claims "[1.] necessarily raise a stated federal issue, [that is 2.] actually disputed and [3.] substantial, [and 4.] which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

17. With respect to the first *Grable* factor, the FAP plainly states a federal issue, as it is replete with express references to and reliance on 18 U.S.C. §§ 922(x)(1)(B) and (x)(2)(B). Plaintiffs do not allege a violation of any Texas state statutes that govern the minimum age to purchase certain calibers of cartridges from a non-FFL. This is "necessarily" a "federal issue." *Grable*, 545 U.S. at 314; *see also id.* at 315 (recognizing that parties might find value before federal

6

judges with experience in federal tax matters); *Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1272 (Fed. Cir. 2007) ("The litigants will also benefit from federal judges who have experience in claim construction and infringement matters."). A federal forum's interpretation of the federal statutory provision is also necessary to ensure uniformity of the interpretation of 18 U.S.C. § 922(x)(1)(B) and (x)(2)(B). Indeed, the "interpretation of the Gun Control Act is a federal question." *Knight v. Wal-Mart Stores, Inc.*, 889 F. Supp. 1532, 1538 (S.D. Ga. 1995).

18. With respect to the second and third *Grable* factors, Plaintiffs' repeated claim that the Tennessee Defendants violated 18 U.S.C. § 922(x)(1)(B) as the basis for their two underlying theories of liability – negligence and negligence *per se* – underscores that a dispute exists and is substantial. *See Grable*, 545 U.S. at 313 (A substantial federal issue is one that "indicat[es] a serious federal interest in claiming advantages thought to be inherent in a federal forum."). For example, the *Grable* Court noted that the "meaning of the federal tax provision is an important federal law that sensibly belongs in federal court." *Id*. at 315. Plaintiffs' hollow suggestion that a non-FFL holder is categorically prohibited from transferring .38 special caliber ammunition to a certain class of persons is incorrect because a long list of commercially available long-guns (*i.e.*, not "a handgun") designed to fire such ammunition exists. Nor could Plaintiffs plausibly plead facts to support their false contention.[3] And it is simply not "proper to assume that [a plaintiff]

---

[3] A "handgun" is defined by 18 U.S.C. § 921(a)(29). In contrast, long-guns, i.e., a "shotgun" and a "rifle" are defined by 18 U.S.C. § 921(a)(5) and (a)(7), respectively. Commercially available rifles chambered in .38 special include: http://www.winchesterguns.com/products/rifles/model-1873/model-1873-current-products/model-1873-carbine.html (last visited on Apr. 28, 2020); http://www.winchesterguns.com/products/rifles/model-1866/model-1866-current-products/1866-deluxe-octagon.html (last visited on Apr. 28, 2020); https://www.henryusa.com/rifles/big-boy-x-model/ (last visited on Apr. 28, 2020); https://www.henryusa.com/rifles/single-shot-rifle/ (last visited on Apr. 28, 2020); https://www.henryusa.com/rifles/henry-big-boy-carbine/ (last visited on Apr. 28, 2020); https://rossiusa.com/lever-action/r92-357mag-16-58-rds-triple-black/ (last visited on Apr. 28, 2020); https://www.cimarron-firearms.com/1866-short-rifle-38-special-20-oct-barrel.html (last visited on Apr. 28,

can prove facts that it has not alleged." *Associated Gen. Contractors of Calif. V. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

19. Not only are Plaintiffs' claims that the Tennessee Defendants violated 18 U.S.C. § 922(x)(1)(B) and aided in violation of § 922(x)(2)(B) flatly wrong, the interpretation of the operative phrase of these provisions is one of first impression; indeed, a first interpretation that will have lasting impact on federal law. *See Grable*, 545 U.S. at 313 (holding that an important and limiting factor for finding federal-question jurisdiction is whether a plaintiffs' claims "really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law." (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)). That Plaintiffs are also trying to expand a violation of 18 U.S.C. § 922(x)(1)(B) to a third-party logistics company, Red Stag, and the owners of LuckyGunner and Red Stag, only serves to further magnify the substantiality of the federal issue.

20. With respect to the fourth *Grable* factor, this Court's interpretation of 18 U.S.C. § 922(x)(1)(B) is not only contemplated by Congress, it is essential. Plaintiffs seek a rewrite of "suitable for use *only* in a handgun" (emphasis added) to read: "suitable for use in a handgun." This edit would violate well-established rules of federal statutory construction by rendering Congress's use of the word "only" superfluous. *Moskal v. United States*, 498 U.S. 103, 109 (1990) (noting the "established principle that a court should give effect, if possible, to every clause and word of a statute") (internal quotations and citations omitted).

---

2020); https://www.cimarron-firearms.com/1866-carbine-with-saddle-ring-38-special-19-rnd-barrel.html (last visited on Apr. 28, 2020); https://www.marlinfirearms.com/lever-action/model-1894/model-1894c (last visited on Apr. 28, 2020); https://www.taylorsfirearms.com/long-guns/cartridge-rifles/1866-lever-action/1866-rifle.html (last visited on Apr. 28, 2020); https://www.uberti-usa.com/1866-yellowboy-rifle (last visited on Apr. 28, 2020).

8

4824-3838-4315.1

21. Were Plaintiffs' flawed interpretation of the operative phrase accepted, application of nationwide federal firearms statutes would forever be altered in ways not intended by Congress—effectively criminalizing transfers of commonly used hunting and sporting ammunition to persons under twenty-one years old, and, ultimately resulting in a patchwork of Gun Control Act violations that vary state to state. This is not an outcome Congress intended.

22. In sum, the appropriate balance of the federal-state system will remain post-removal. Plaintiffs' focused theory of liability predicated on alleged violations of a series of related federal statutes presents the very circumstance where, although not expressly declared a federal claim by Congress, there is little risk of a deluge of state tort cases ending up in federal court. *See Grable*, 545 U.S. at 318-19 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986)). On the other hand, relying on fifty different state court systems to adjudicate the outcome of a never before interpreted provision of the Youth Handgun Safety Act – one which has widespread implications for all non-FFL holders' participation in their Second Amendment rights – would serve to rebalance and disturb national firearms policy. *See NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1028 (2d Cir. 2014) (recognizing that a substantial federal issue existed where "resolution of the disputed federal law issue here would likely have far-reaching prospective consequences for the operation of national securities exchanges, particularly in conducting IPOs").

23. Because Plaintiffs' claims against the Tennessee Defendants raise a federal question that meets the standard set by the Supreme Court in *Grable*, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

### IV.   ADDITIONAL PROCEDURAL MATTERS

24. In accordance with Local Rule 81, this Notice of Removal is accompanied by the following documents:

9

  A. All executed process in this case;

  B. All pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third party actions, interventions and all answers to such pleadings;

  C. The docket sheet;

  D. A list of all counsel of record, including address, telephone numbers and parties represented; and

  E. An index of the materials being filed. *See* Exhibits A-E.

25. Upon filing this Notice of Removal, the Tennessee Defendants will provide prompt written notification to Plaintiffs and will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Galveston County Probate Court.

26. Upon removal, the Court "shall" sever from the action all non-removable claims by Plaintiffs against Pagourtzis and his parents and remand the severed claims to the Galveston County Probate Court. *See* 28 U.S.C. § 1441(c)(2).

27. The above captioned matter is related a lawsuit that was contemporaneously removed today to the Southern District of Texas, Galveston Division from Galveston County, styled in the state court action as Consolidated Civil Action No. CV-0081158, *Yanas et al v. Pagourtzis et al*. in Galveston County Court at Law No. 3.

28. A jury has been demanded in the underlying case.

## CONCLUSION

29. THEREFORE, the Tennessee Defendants remove the underlying case and preserve any and all rights and defenses, including those available under Rule 12 of the Federal Rules of Civil Procedure.

10

RESPECTFULLY SUBMITTED,

 /s/ A.M. "Andy" Landry III
A.M. "Andy" Landry III
State Bar of Texas # 11868750
S.D. Texas Bar # 15187
GRAY REED & MCGRAW LLP
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone (713) 986-7000
Facsimile (713) 986-7100
Email: alandry@grayreed.com

**ATTORNEY IN CHARGE FOR DEFENDANTS
LUCKY GUNNER, LLC D/B/A LUCKYGUNNER.COM,
RED STAG FUFILLMENT, LLC,
MOLLENHOUR GROSS, LLC,
JORDNAN, MOLLENHOUR, AND DUSTIN GROSS**


OF COUNSEL:

Andrew A. Lothson (PHV application forthcoming)
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, Illinois 60611
Office: (312) 321-9100
Direct: (312) 923-8274
Fax: (312) 321-0990
Email: alothson@smbtrials.com

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2020, a copy of this document was served on all counsel in accordance with the Federal Rules of Civil Procedure through use of the Court's electronic-notification system.

| Party Represented | Plaintiff/Plaintiff-Intervenor/Defendant | Counsel and Contact Information |
|---|---|---|
| Autumn Paige Tisdale | Plaintiff, Intervenor and Independent Executor of the Estate of William Recie Tisdale, Sr. | Lawrence M. Tylka<br>Tyler J. Tylka<br>TYLKA LAW CENTER, P.C.<br>1104 East Main<br>League City, Texas 77573<br>Tel: 281-557-1500<br>Fax: 281-557-1510<br>legal@tylkalawcenter.com |
| William Recie Tisdale, Sr. Individually and as Statutory Beneficiary of Cynthia Tisdale, Deceased, and on Behalf of All Persons entitled to recover for her death under the Texas Wrongful Death Act, and William R. Tisdale, Jr. | Plaintiffs | Lawrence M. Tylka<br>Tyler J. Tylka<br>TYLKA LAW CENTER, P.C.<br>1104 East Main<br>League City, Texas 77573<br>Tel: 281-557-1500<br>Fax: 281-557-1510<br>legal@tylkalawcenter.com |
| Antonios Pagourtzis<br>Rose Marie Kosmetatos | Defendants | Ron J. Rodgers<br>RODGERS LAW GROUP, PLLC<br>One Harbour Square<br>3027 Marina Bay Drive, Suite 310<br>League City, Texas 77573<br>Tel: 281-884-3891<br>Fax: 281-884-3992<br>ron@rodgerslawgroup.com<br><br>Kristie Widner Tobin<br>HOLMAN FENWICK WILLAN (HFW)<br>5151 San Felipe, Suite 400<br>Houston, Texas 77056<br>Tel: (713) 980-8952<br>kristie.tobin@hfw.com |

| Dimitrios Pagourtzis | Defendant (has not appeared) | 1130 CR 136A<br>ALVIN TX 77511<br><br>By copy to his criminal lawyers:<br><br>Robert J. Barfield<br>609 Bradford Ave. Ste 207<br>Kemah, TX 77565<br><br>MR. NICHOLAS RYAN 'NICK' POEHL<br>The Poehl Law Firm, PLLC<br>609 Bradford Ave Ste 207<br>Kemah, TX 77565-3087 |
|---|---|---|

*/s/ A.M. "Andy" Landry III*
A.M. "Andy" Landry III